IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL ROBERT McGUCKIN and GERI McGUCKIN | : : : | CIVIL ACTION |
| Plaintiffs, | : : : | No. _____ |
| v. | : : | |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY and ALLSTATE INSURANCE COMPANY | : : : : | |
| Defendants. | : : : | |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA

        Allstate Fire and Casualty Insurance Company and Allstate Insurance

Company (collectively, "Allstate"), defendants in the above-captioned action, seek

removal of this action pursuant to 28 U.S.C. § 1441, et seq. from the Court of Common

Pleas, Philadelphia County, to the United States District Court for the Eastern District of

Pennsylvania.  In support of this Notice of Removal, Allstate states as follows:

        1.    On or about February 27, 2014, Plaintiffs Carl Robert McGuckin and

Geri McGuckin ("Plaintiffs") filed a Writ of Summons in the Court of Common Pleas,

Philadelphia County, captioned Carl Robert McGuckin and Geri McGuckin v. Allstate

Fire and Casualty Insurance Company and Allstate Insurance Company, February Term

2014, No. 03046 (the "State Court Action").

2.     On or about April 2, 2015, Plaintiffs filed a Complaint in the State Court Action.

3.     Plaintiffs served the Complaint on Allstate on or about April 2, 2015.  This Notice of Removal is being filed within thirty (30) days after receipt of the Complaint as required by 28 U.S.C. § 1446(b).

4.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Allstate in the State Court Action are attached hereto as Exhibit A.

5.     The controversy between Plaintiffs and Defendant which gives rise to the action initially brought in the Court of Common Pleas of Philadelphia County is one over which the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, for the following reasons:

(a)     Plaintiffs, who are husband and wife, identify their address as within the Commonwealth of Pennsylvania and, upon information and belief, are citizens of the Commonwealth of Pennsylvania (Exhibit A, Complaint ¶ 1), and, upon information and belief, are not citizens of Illinois;

(b)     Defendant Allstate Fire and Casualty Insurance Company is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is a citizen of the State of Illinois;

(c)      Defendant Allstate Insurance Company is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is a citizen of the State of Illinois;

(d)      the amount in controversy is in excess of $75,000, exclusive of interest or costs, based on Plaintiffs' representations of the amount in controversy, demands for judgment, and allegations of harm in the Complaint, including the fact that (1) Plaintiffs have brought claims for first party benefits pursuant to Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. § 1701, et seq. and are seeking in excess of $50,000, treble damages, and statutory attorney's fees (Exhibit A, Compl. Counts I and VI); (2) Plaintiffs have brought bad faith claims pursuant to 42 Pa. C.S.A. § 8371 and are seeking damages in excess of $50,000, punitive damages and statutory attorney's fees (Exhibit A, Compl. Counts II and VII);  (3) Plaintiffs  have brought breach of contract claims seeking damages in excess of $50,000 (Exhibit A, Compl. Counts III and VIII); (4) Plaintiffs have brought claims for violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq. and are seeking damages in excess of $50,000, treble damages and statutory attorney's fees (Exhibit A, Compl. Counts IV and IX); and (5) Plaintiff Carl Robert McGuckin has brought a claim for intentional and/or negligent infliction of emotional distress and is seeking damages in excess of $50,0000 (Exhibit A, Compl. Count V).

6.     True and correct copies of this Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County and served upon Plaintiffs' counsel of record.

WHEREFORE, Defendants Allstate Fire and Casualty Insurance Company and Allstate Insurance Company request this Court remove the above-described action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Date:  April 23, 2015

Marshall Walthew, Esquire
Kristin H. Jones, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4000

Daniel S. Doyle, Esquire
Brooks, Bradley & Doyle
21 Est Second Street
Media, PA 19063
(610) 565-4800

CO-COUNSEL FOR DEFENDANTS
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY and
ALLSTATE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I, Kristin H. Jones, hereby certify that on April 23, 2015 a true and correct copy of the foregoing Notice of Removal was served via first class mail upon the following:

R. Steven Shisler, Esquire
1515 Market Street, Suite 1520
Philadelphia, PA 19102

*Counsel for Plaintiffs*

Kristin H. Jones

# **EXHIBIT A**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **FEBRUARY 2014**   **003046** |
| E-Filing Number: 1402045220 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CARL ROBERT. MCGUCKIN | ALLSTATE FIRE CASUALTY INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3011 EISENHOWER DRIVE<br>NORRISTOWN PA 19403 | 309 LAKESIDE DRIVE, SUITE 100<br>HORSHAM PA 19044 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GERI MCGUCKIN | ALLSTATE INSURANCE COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 3011 EISENHOWER DRIVE<br>NORRISTOWN PA 19403 | 309 LAKESIDE DRIVE, SUITE 100<br>HORSHAM PA 19044 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 1J - BAD FAITH |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>FEB 27 2014<br>**J. MURPHY** | YES          NO |

### TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CARL ROBERT MCGUCKIN , GERI MCGUCKIN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| R STEVEN SHISLER | 1515 MARKET ST<br>SUITE 810<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)564-4080 | (215)564-2421 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 44338 | sshisler@shislerlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| R STEVEN SHISLER | Thursday, February 27, 2014, 04:43 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

Major Jury Trial Demanded
Assessment of Damages Hearing
Required

ATTORNEY FOR PLAINTIFF

R. STEVEN SHISLER, ESQUIRE
IDENTIFICATION NO.: 44338
1515 MARKET STREET, SUITE 810
PHILADELPHIA, PA 19102
215-564-4080

| | |
|---|---|
| CARL ROBERT McGUCKIN and | : COURT OF COMMON PLEAS |
| GERI McGUCKIN | : PHILADELPHIA COUNTY |
| 3011 Eisenhower Drive | : |
| Norristown, PA 19403 | : FEBRUARY TERM 2014 |
| v. | : |
| ALLSTATE FIRE CASUALTY | : |
| INSURANCE COMPANY | : CIVIL ACTION NO.: |
| 309 Lakeside Drive, Suite 100 | : |
| Horsham, PA 19044 | : |
| and | : |
| ALLSTATE INSURANCE COMPANY | : |
| 309 Lakeside Drive, Suite 100 | : |
| Horsham, PA 19044 | : |

**PRAECIPE TO ISSUE WRIT OF SUMMONS**

TO THE PROTHONOTARY:

Kindly issue a Civil Action Writ of Summons in the above captioned matter.

By: _____

R. STEVEN SHISLER, ESQUIRE
Attorney for Plaintiffs, Carl Robert
McGuckin and Geri McGuckin

Date: February 27, 2014

Case ID: 140203046

C.P.97

# 𝕮𝖔𝖒𝖒𝖔𝖓𝖜𝖊𝖆𝖑𝖙𝖍 𝖔𝖋 𝕻𝖊𝖓𝖓𝖘𝖞𝖑𝖇𝖆𝖓𝖎𝖆
## CITY AND COUNTY OF PHILADELPHIA

SUMMONS
*CITACION*

Carl Robert McGuckin and
Geri McGuckin
3011 Eisenhower Drive
Norristown, PA 19403

COURT OF COMMON PLEAS

February _____ Term, 20 14

No. _____

*vs.*

Allstate Fire Casualty Insurance Company
309 Lakeside Drive, Suite 100
Horsham, PA 19044
and  continued on separate sheet...

To(1)

Allstate Fire Casualty Insurance
Company  and
Allstate Insurance Company

You are notified that the Plaintiff(2)
*Usted esta avisado que el demandante(2)*

Carl Robert McGuckin and
Geri McGuckin

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

PROTHONOTARY · PHILADELPHIA
140203046
27 FEB 2014 04:43 pm
J. MURPHY
JUDICIAL DISTRICT OF PENNS...

Date _____

(1) Name(s) of Defendant(s)
(2) Name(s) of Plaintiff(s)

10-208 (Rev. 6/00)

Case ID: 140203046

COURT OF COMMON PLEAS

February _____ Term, 20 _14_ No. _____

Carl Robert McGuckin and
Geri McGuckin
3011 Eisenhower Drive
Norristown, PA 19403

vs.

Allstate Fire Casualty Insurance Company
309 Lakeside Drive, Suite 100
Horsham, PA 19044
and continued on separate sheet...

SUMMONS

Case ID: 140203046

**R. STEVEN SHISLER, ESQUIRE**      **ATTORNEYS FOR PLAINTIFFS**
**IDENTIFICATION NO.: 44338**
**1515 MARKET STREET, SUITE 810**
**PHILADELPHIA, PA 19102**
**215-564-4080**

| | |
|---|---|
| CARL ROBERT McGUCKIN and | : COURT OF COMMON PLEAS |
| GERI McGUCKIN | : PHILADELPHIA COUNTY |
| 3011 Eisenhower Drive | : |
| Norristown, PA 19403 | : FEBRUARY TERM 2014 |
| v. | : |
| ALLSTATE FIRE CASUALTY | : |
| INSURANCE COMPANY | : CIVIL ACTION NO.: |
| 309 Lakeside Drive, Suite 100 | : |
| Horsham, PA 19044 | : |
| and | : |
| ALLSTATE INSURANCE COMPANY | : |
| 309 Lakeside Drive, Suite 100 | : |
| Horsham, PA 19044 | : |

## CONTINUATION OF WRIT OF SUMMONS

CAPTION

and

ALLSTATE INSURANCE COMPANY
309 Lakeside Drive, Suite 100
Horsham, PA 19044

14002828                    EXP 3-29-14

C.P. 66-1/2

## SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.

(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

**COURT TERM AND NUMBER**
February Term 2014
No: 3046

### TO BE COMPLETED BY ATTORNEY

**SHERIFF'S NUMBER**

Filed and Attested by PROTHONOTARY 05 MAR 2014 04:18 pm E. HAGGINS

**PLAINTIFF**
Carl Robert McGuckin and Geri McGuckin

3/10

**COST**

**DEFENDANT(S)**
Allstate Fire Casualty Insurance Company

2 of 3

**DISTRICT**

☒ Summons      ☐ Complaint
☐ Other:

**SERVE AT**
3091 Lakeside Drive Suite 100, Horsham PA 19044

**TYPE OF ACTION**
Civil

**SPECIAL INSTRUCTIONS**

### TO BE COMPLETED BY SHERIFF

Served and made known to ~~APRIL BUSEY~~

~~MARCH~~ 20_14_, at _0930_ o'clock _A_.M. at _SAME_, Defendant(s) on the _11_ day of _____ Street, County of Philadelphia, Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☒ Agent or person in charge of Defendant's office or usual place of business.
_____ and officer of said Defendant company.
☐ Other_____

**SHERIFF JEWELL WILLIAMS**

By _WICKINSON_
Deputy Sheriff

On the _____ day of _____, 20___, at _____ o'clock ___.M. Defendant not found because:
☐ Moved   ☐ Unknown   ☐ No Answer   ☐ Vacant   ☐ Other:

**SHERIFF JEWELL WILLIAMS**

By _____
Deputy Sheriff

### DEPUTIZED SERVICE

Now, the _____ day of _____, 20___, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize the Sheriff of _____ County, _____, to serve this

Summons   ☐ Complaint   ☐ Other: _____ and make return thereof and according to Law.

**SHERIFF JEWELL WILLIAMS**

By _____
Deputy Sheriff

### TO BE COMPLETED BY ATTORNEY

Name _R. Steven Shisler, Esquire_
Address _1515 Market Street, Ste. 810, Phila PA 19102_
Telephone Number _215-564-4080_
Identification Number _44338_
Represents:
☒ Plaintiff(s) _Carl Robert McGuckin and Geri McGuckin_
☐ Defendant(s)
☐ Other

### TO BE COMPLETED BY PROTHONOTARY

ATTEST _____
PRO PROTHONOTARY

RECEIVED 2014 MAR 11 AM 10:05

DATE _____

10-291

Case ID: 140203046

PROTHONOTARY'S COPY

14002828                                    EXP 3-29-14

C.P. 66-1/2

# SHERIFF'S RETURN OF SERVICE - PHILADELPHIA CO.

(Please prepare separate "return" Form for each Defendant to be served by Sheriff. If you desire a copy of this "Return" mailed to you, please attach self-addressed, stamped envelope for each separate address where service is required.)

**COURT TERM AND NUMBER**

February Term 2014
No. 3046

### TO BE COMPLETED BY ATTORNEY

**PLAINTIFF**

Carl Robert McGuckin and
Geri McGuckin                   3/10

**SHERIFF'S NUMBER**

Filed and Attested by
PROTHONOTARY
05 MAR 2014 02:16 pm
E. HARTILLE

**DEFENDANT(S)**

Allstate Insurance Company      3/4/2

**COST**

**DISTRICT**
☒ Summons        ☐ Complaint
☐ Other:

**SERVE AT**

309 Lakeside Drive, Suite 100, Horsham PA 19044

**TYPE OF ACTION**

Civil

**SPECIAL INSTRUCTIONS**

### TO BE COMPLETED BY SHERIFF

Served and made known to    APRIL BUSH    Defendant(s) on the    11    day of
MARCH    20 14    at 0830    o'clock A.M. at    SAME    Street, County of Philadelphia,
Commonwealth of Pennsylvania, in the manner described below:

☐ Defendant(s) personally served.
☐ Adult family member with whom said Defendant(s) reside(s). Relationship is _____
☐ Adult in charge of Defendant's residence who refused to give name or relationship.
☐ Manager/Clerk of place of lodging in which Defendant(s) reside(s).
☒ Agent or person in charge of Defendant's office or usual place of business.
_____ and officer of said Defendant company.
☐ Other _____

SHERIFF JEWELL WILLIAMS

By    Wickerson
_____
Deputy Sheriff

On the _____ day of _____, 20___, at _____ o'clock ___.M. Defendant not found because:
☐ Moved    ☐ Unknown    ☐ No Answer    ☐ Vacant    ☐ Other: _____

SHERIFF JEWELL WILLIAMS

By _____
Deputy Sheriff

### DEPUTIZED SERVICE

Now, the _____ day of _____, 20___, I, Sheriff of Philadelphia County, Pennsylvania, do hereby deputize
the Sheriff of _____ County, _____, to serve this
Summons ☐ Complaint ☐ Other: _____ and make return thereof and according to Law.

SHERIFF JEWELL WILLIAMS

By _____
Deputy Sheriff

### TO BE COMPLETED BY ATTORNEY

Name    R. Steven Shisler, Esq.
Address  1515 Market St, Ste 810, Phila PA 19102
Telephone Number  215-564-4080
Identification Number  LH338
Represents:
☒ Plaintiff(s) Carl Robert McGuckin and Geri McGuckin
☐ Defendant(s)
☐ Other

### TO BE COMPLETED BY PROTHONOTARY

ATTEST

PRO PROTHONOTARY

DATE

10-291

Case ID: 140203046

**R. STEVEN SHISLER, ESQUIRE**
**IDENTIFICATION NO.: 44338**
**1515 MARKET STREET, SUITE 1520**
**PHILADELPHIA, PA 19102**
**215-564-4080**

**ATTORNEY FOR PLAINTIFFS**

Filed and attested by
PROTHONOTARY
02 APR 2015 05:26 PM

CARL ROBERT McGUCKIN and
GERI McGUCKIN

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY
and

ALLSTATE INSURANCE COMPANY

: COURT OF COMMON PLEAS
: PHILADELPHIA COUNTY
:
: FEBRUARY TERM 2014
:
: CIVIL ACTION NO.: 3046
:

## CIVIL ACTION COMPLAINT

### 1J - INSURANCE BAD FAITH
### 1ST PARTY BENEFITS, BREACH OF CONTRACT, UNFAIR TRADE PRACTICES

| "NOTICE" | "AVISO" |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearances personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: (215) 279-9660 | ASOCICION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Telefono: (215) 238-1701 |

## CIVIL ACTION COMPLAINT

1.     The Plaintiffs, **CARL ROBERT MCGUCKIN** and **GERI MCGUCKIN**, are adult individuals and husband and wife, residing at 3011 Eisenhower Drive, Norristown, PA 19403.

2.     The Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** (hereinafter referred to as "**ALLSTATE FIRE AND CASUALTY**"), is a corporation or other business entity engaged in the business of providing insurance coverage in the City of Philadelphia and the Commonwealth of Pennsylvania, with a principal place of business and/or offices at 309 Lakeside Drive, Suite 100, Horsham, PA 19044.

3.     At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, regularly conducted business in the County of Philadelphia, Commonwealth of Pennsylvania.

4.     At all times relevant herein and material hereto, the actions and inactions of the Defendant were performed by its duly authorized agents, servants, workmen, and/or employees, acting within the course and scope of their authority and/or employment for and on behalf of the Defendant.

5.     On or about January 5, 2008, and for some time prior thereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, issued and/or was assigned a policy of insurance, by the terms of which the Defendant provided security, including first party benefits and underinsured motorist coverage, in favor of the

2

Plaintiffs in accordance with the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. §1701, *et seq.*, and all other applicable laws, said policy of insurance being in full force and effect on, before and about the aforesaid date. A true and correct copy of said policy of insurance is attached hereto, incorporated herein by reference and marked *Exhibit "A"*.

6.     The aforesaid policy of insurance issued by the Defendant or assigned to the Defendant and providing coverage to the Plaintiffs provided for full tort coverage. *See Exhibit "A"*.

7.     The aforesaid policy issued by and/or assigned to Defendant provided first party medical expense coverage, in the maximum amount of Ten Thousand ($10,000.00) Dollars per person for each accident. *See Exhibit "A"*.

8.     The aforesaid policy issued by and/or assigned to the Defendant also provided extraordinary medical benefits for each person up to One Million ($1,000,000.00) Dollars maximum benefit. *See Exhibit "A"*.

9.     The aforesaid policy issued by and/or assigned to the Defendant provided underinsured motorist insurance, full tort, stacked limits, totaling One Million, Two Hundred and Fifty ($1,250,000.00) Dollars. *See Exhibit "A"*.

10.    The Plaintiffs, **CARL ROBERT MCGUCKIN** and **GERI MCGUCKIN**, paid fair and adequate consideration for the aforesaid insurance coverage.

11.    At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, in the performance of its contract of insurance

3

and its duties under its contract of insurance with the Plaintiffs, owed to the Plaintiffs a fiduciary duty to act in good faith and fair dealing, and to use due care in representing Plaintiffs' interests.

12.     On or about the aforesaid date, the Plaintiff, **CARL ROBERT MCGUCKIN,** was involved in an accident which resulted in accidental bodily injury from the operation, maintenance and/or use of a motor vehicle, which injuries include but are not limited to, complex regional pain syndrome/reflex sympathetic dystrophy of the right upper extremity and/or bilateral upper extremities; right brachial plexus lesion; severe brachial plexus traction injury involving the upper trunk, lateral cord and lower trunk on the right; brachial plexus sensitization bilaterally-upper trunks, lateral cord, lower trunks; right upper extremity radicular symptoms with brachial plexus injury; bilateral involvement at C2-C3; cervical root sensitization triggering migraine headaches; dorsal nerve roots sensitization-right aggravation of pre-existing cervical disc disease; central disc protrusion at C3-C4; bulging disc at C5-C6; left paracentral disc protrusion at C6-C7; C2-3; cervical facet dysfunction with cervicogenic headaches; cervical dystonia; paracervical, upper trapezius and parascapular myofascial pain and spasm; aggravation of pre-existing L4-5 disc disease; L4-5 L5-S1 radiculopathy, right worse than left; thoracic facet dysfunction; intermittent right ear tinnitus; bilateral knee pain; migraine headaches; aggravation of preexisting migraine headaches; adjustment disorder with mixed anxiety and

4

depressed mood; and other severe injuries, in, on, and about the person of the Plaintiff, **CARL ROBERT MCGUCKIN**, causing the Plaintiff severe pain and suffering, and other damages.

13.   On or about the aforesaid date, the Plaintiff, **CARL ROBERT MCGUCKIN**, was the owner and operator of a motor vehicle covered by the aforesaid policy of insurance issued by and/or assigned to the Defendant, **ALLSTATE FIRE AND CASUALTY,** and was stopped in traffic on Henry Avenue at or near an intersection with Cheswick Street, public highways in the City and County of Philadelphia, Commonwealth of Pennsylvania.

14.   On or about the aforesaid date and time, Aileen Panzer was the owner and operator of a motor vehicle proceeding on Henry Avenue at or near an intersection with Cheswick Street, public highways as aforesaid.

15.   On or about the aforesaid date, Aileen Panzer operated her aforesaid motor vehicle in such a negligent, careless, reckless, and or willful and or wanton manner that she caused her vehicle to come into violent contact and collision with the rear of the stopped vehicle then and there lawfully being operated by the Plaintiff, **CARL ROBERT MCGUCKIN**, thereby causing the Plaintiffs serious injuries and damages as hereinafter more fully set forth.

16.   Following the aforesaid motor vehicle accident, the Plaintiff, **CARL ROBERT MCGUCKIN**, presented claims to the Defendant, **ALLSTATE FIRE AND CASUALTY,** for first party benefits.

5

17.    Plaintiff gave prompt, timely and reasonable notice to Defendant of his losses and or claims and provided all required notices, applications, bills, reports, forms, proofs and verifications required by the Pennsylvania Motor Vehicle Financial Responsibility Law, the rules promulgated thereunder and or by the Defendant.

18.    Thereafter, Plaintiffs commenced a third party action against Aileen Panzer in the Court of Common Pleas of Philadelphia County, to recover for Plaintiffs' injuries and damages, which lawsuit was subsequently settled with the consent of the Defendant insurer, **ALLSTATE FIRE AND CASUALTY**.

19.    As the liability insurance providing coverage to Aileen Panzer at the time of the aforesaid accident was inadequate to fully compensate Plaintiffs for their injuries and damages, Plaintiffs presented claims to the Defendant, **ALLSTATE FIRE AND CASUALTY,** for underinsured motorist benefits.

20.    On January 8, 2009 Plaintiffs notified Defendant of their intention to pursue an underinsured motorist claim arising from the aforesaid accident.

21.    After more than nine (9) months, Defendant consented to the settlement of Plaintiffs' third party liability suit against Aileen Panzer.

22.    Plaintiffs presented the Defendant, **ALLSTATE FIRE AND CASUALTY,** with substantial medical records and reports documenting Plaintiff, **CARL ROBERT MCGUCKIN**'s, condition, treatment, diagnoses, prognoses, and damages, and proposed a settlement of Plaintiff's underinsured motorist claim.

6

23. As **ALLSTATE FIRE AND CASUALTY** failed to make a reasonable offer to settle the Plaintiffs' underinsured motorist claim despite repeated requests, Plaintiffs instituted a lawsuit against **ALLSTATE FIRE AND CASUALTY** in the Court of Common Pleas of Montgomery County, Pennsylvania.

24. Thereafter, by agreement of the parties, Plaintiffs' underinsured motorist claim was removed from the Court of Common Pleas of Montgomery County, Pennsylvania, and was tried before a panel of arbitrators. On March 19, 2013, the arbitrators entered an award in favor of the Plaintiffs for, *inter alia,* compensation for Plaintiff, **CARL ROBERT MCGUCKIN's**, complex regional pain syndrome/reflex sympathetic dystrophy caused by the underinsured motorist.

25. **ALLSTATE FIRE AND CASUALTY** initially honored Plaintiff, **CARL ROBERT MCGUCKIN's**, claim for first party benefits, but subsequently failed and/or refused to pay, and/or denied a number of medical bills for reasonable and necessary medical treatment of Plaintiff's accident related injuries.

26. Defendant denied and/or failed and/or refused to pay medical bills for Plaintiff, **CARL ROBERT MCGUCKIN's**, reasonable and necessary medical treatment of his accident related injuries after Defendant was placed on notice of Plaintiffs' underinsured motorist claim.

27. Despite the arbitrators' award and determination that Plaintiff, **CARL ROBERT MCGUCKIN**, suffers from complex regional pain syndrome/reflex

Case ID: 140203046

sympathetic dystrophy caused by the underinsured motorist, and despite repeated requests, to date **ALLSTATE FIRE AND CASUALTY** has refused to pay all for Plaintiff, **CARL ROBERT MCGUCKIN's**, claims for first party medical benefits, and has refused to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or his medical providers for reasonable and necessary medical care and treatment of his accident related injuries.

28.    Despite repeated requests for payment, Defendant, **ALLSTATE FIRE AND CASUALTY**, repeatedly denied payment of bills of Plaintiff's medical providers for reasonable and necessary medical treatment of Plaintiff's accident related injuries.

29.    Despite repeated requests for payment of Plaintiff's accident related medical bills, Defendant, **ALLSTATE FIRE AND CASUALTY**, repeatedly denied payment of bills of Plaintiffs' medical providers for reasonable and necessary medical treatment of Plaintiffs accident related injuries, on grounds that the bills had been submitted to a Peer Review Organization for review and a determination had not yet been made and/or on grounds that the treatment was considered not reasonable and unnecessary based on a Peer Review determination.

30.    No independent medical examination was conducted with regard to Plaintiff's claim for first party benefits.

8

31.    Defendant conducted an independent medical examination of Plaintiff, **CARL ROBERT MCGUCKIN,** on or about May 17, 2010 with regard to his related underinsured motorist claim. Plaintiff believes and avers that Defendant did not refer to or rely on the reports of defense medical examination of Plaintiff conducted in the related underinsured motorist claim as a basis for denial of first party benefits.

32.    Despite numerous requests, Defendant, **ALLSTATE FIRE AND CASUALTY,** refused and/or failed to provide Plaintiff, and/or Plaintiffs' counsel, and/or Plaintiff's medical providers with the reports, and/or results of, and/or initial determinations of any Peer Review.

33.    The Pennsylvania Motor Vehicle Financial Responsibility Law provides Plaintiff and his medical providers with the opportunity to request a reconsideration of the Peer Review Organization's initial determination within thirty (30) days of the initial determination 75 Pa. C.S. § 1797(b)(2).

34.    Under the Pennsylvania Motor Vehicle Financial Responsibility Law, the Defendant insurer is obligated to provide the Plaintiff, his counsel, and his medical providers with a copy of the Peer Review Organization's initial determination. *See Id.*

35.    As a result of the Defendant's failure and/or refusal to provide Plaintiff, **CARL ROBERT MCGUCKIN,** his counsel and/or medical providers with copies of the Peer Review Organization's initial determinations, Defendant

9

deprived Plaintiff and his medical providers of the opportunity to request reconsideration of the Peer Review Organization's initial determination as permitted by 75 Pa. C.S. § 1797(b)(2), thereby forcing the Plaintiff to file the instant lawsuit and to incur unnecessary expenses, costs of litigation, and attorney's fees.

36.   As a result of **ALLSTATE FIRE AND CASUALTY**'s failure and/or refusal to pay first party benefits, Plaintiffs were forced to submit bills of the medical providers of Plaintiff, **CARL ROBERT MCGUCKIN**, for reasonable and necessary treatment of his accident related injuries to Plaintiff's health maintenance organization, Aetna U.S. Healthcare.

37.   As a result of Defendant's refusal to pay first party benefits, Plaintiff was forced to pay deductibles, co-pays, medical bills, and/or to incur liens of medical providers for reasonable and necessary treatment of Plaintiff, **CARL ROBERT MCGUCKIN**'s, accident related injuries.

38.   Because of **ALLSTATE FIRE AND CASUALTY**'s refusal to pay first party benefits, Plaintiffs was forced to pay a portion of the proceeds of the recovery of their lawsuit against the tortfeasor, Aileen Panzer, and/or to otherwise pay Aetna U.S. Healthcare in resolution of Aetna's subrogation lien, and/or to pay certain medical providers in satisfaction of liens of those providers, to Plaintiffs' great detriment.

10

39. Despite favorable reports of Plaintiff's medical providers which clearly establish the liability of **ALLSTATE FIRE AND CASUALTY** to pay Plaintiffs' reasonably, necessary, and accident related medical bills, to date, **ALLSTATE FIRE AND CASUALTY** has failed to pay the claims of **CARL ROBERT MCGUCKIN** for first party benefits, has refused to reimburse the Plaintiffs for their repayment to Aetna of its subrogation lien, has refused to reimburse Plaintiffs for payments made to certain medical providers of **CARL ROBERT MCGUCKIN** in satisfaction of the providers' liens, and has failed and/or refused to reimburse Plaintiffs for deductibles, co-pays and other expenses incurred for reasonable and necessary treatment of **CARL ROBERT MCGUCKIN**'s accident related injuries.

40. Plaintiffs therefore filed the instant lawsuit against Defendant for, *inter alia*, first party benefits and insurance bad faith.

### FIRST COUNT
PLAINTIFF, CARL ROBERT MCGUCKIN v. DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### FIRST PARTY BENEFITS

41. The Plaintiff, **CARL ROBERT MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 40 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

42. Pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. § 1701, *et. seq.*, and all other pertinent statutes and laws, and

11

pursuant to the policy of insurance issued by **ALLSTATE FIRE AND CASUALTY**, the Defendant, **ALLSTATE FIRE AND CASUALTY**, became the obligor of medical benefits and first party benefits, and as such, owes to the Plaintiff, **CARL ROBERT MCGUCKIN**, and/or providers of hospital, surgical, physicians', and medical services, certain payments to which Plaintiff, **CARL ROBERT MCGUCKIN**, and/or providers of medical services are entitled as a result of the aforementioned accident of January 5, 2008 and the medical care and treatment of Plaintiff's injuries resulting therefrom.

43.   As a result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has been and/or will be obliged to receive and undergo surgeries, hospitalizations, medical attention, care, and treatment, and to expend various and large sums of monies for various expenses described as "medical benefits" in 75 P.S. § 1712 *et. seq.*, and/or under other applicable law, and the Plaintiff, **CARL ROBERT MCGUCKIN**, may be obliged to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

44.   Pursuant to the policy issued by Defendant, **ALLSTATE FIRE AND CASUALTY**, and providing coverage to the Plaintiffs at the time of the aforesaid accident, and/or other applicable statutes and/or laws, the Defendant, **ALLSTATE FIRE AND CASULTY**, is obligated to pay Plaintiffs' reasonable and necessary medical bills arising from the aforesaid motor vehicle accident in an amount up to One Million ($1,000,000.00) Dollars.

12

45.   Pursuant to the policy issued by Defendant, **ALLSTATE FIRE AND CASULTY**, and providing coverage to the Plaintiff at the time of the aforesaid accident, and/ or other applicable statutes and/or laws, the Defendant, **ALLSTATE FIRE AND CASULTY**, is obligated to pay Plaintiff's loss of earnings arising from the aforesaid motor vehicle accident in an amount up to Fifty Thousand ($50,000.00) Dollars.

46.   As a further result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has suffered and/or may suffer a severe loss of his earnings and/or an impairment of his earning capacity and power, which such loss of income and/or impairment of his earning capacity and power is defined as "income loss benefits" in 75 P.S. § 1712 *et. seq.*, and/or other applicable law.

47.   Defendant failed to pay and/or denied all income loss benefits to which Plaintiff is entitled under the aforesaid policy of insurance and/or under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. § 1712 *et. seq.*, demand for which is hereby made.

48.   As a further result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has suffered and/or may suffer a severe loss of "other benefits" as described in 75 P.S. § 1712 *et. seq.* and/or other applicable law.

49.   Following the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, gave timely and reasonable notice to the Defendant, **ALLSTATE FIRE AND CASUALTY**, of said occurrence and submitted and/or caused to be

13

submitted to said Defendant, reasonable proof of the facts of the loss and the amount of loss and expenses incurred to date, submitted on the appropriate forms. Further, the Plaintiff, **CARL ROBERT MCGUCKIN**, and/or his medical providers did from time to time thereafter submit to and/or cause to be submitted to the Defendant, **ALLSTATE FIRE AND CASUALTY**, in writing, the amounts of losses, and copies thereof, sustained because of expenses paid or incurred for those benefits described in 75 P.S. § 1712 *et. seq.* and/or other applicable law. The following is a list of requested first party benefits and/or medical benefits overdue:

| MEDICAL PROVIDER | DATE OF SERVICE | PROCEDURE | AMT/BILL | PAID AMOUNT |
|---|---|---|---|---|
| Main Line Spine Surg | 06/23/14 | Injection | $425.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $0.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $425.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $300.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $300.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 05/13/14 | Office | $130.00 | $0 |
| Denis Rogers | 04/01/14 | Office | $130.00 | $0 |
| Denis Rogers | 01/13/14 | Injection | $325.00 | $0 |
| Denis Rogers | 01/13/14 | Fluroscopic | $150.00 | $0 |
| Denis Rogers | 01/13/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 12/23/13 | Injection | $1200.00 | $0 |
| Denis Rogers | 12/23/13 | Injection | $400.00 | $0 |
| Denis Rogers | 12/23/13 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 12/02/13 | Injection | $325.00 | $0 |
| Roy M Lerman Mdpc | 12/02/13 | Fluoroscopic | $150.00 | $0 |

14

| | | | |
|---|---|---|---|
| Roy M Lerman Mdpc | 12/02/13 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 12/02/13 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 12/02/13 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 11/18/13 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/18/13 | Radiology | $60.00 | $0 |
| Aruna Chivukula | 11/18/13 | Anesthesia | $1600.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Injection | $325.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Fluroscopic | $150.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 11/13/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 10/18/13 | Office | $130.00 | $0 |
| Michael Doherty | 09/23/13 | Anesthesia | $1400.00 | $0 |
| Greater Phila Spine | 08/27/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 07/16/13 | Office | $130.00 | $0 |
| Greater Phila Spine | 07/11/13 | Office | $195.00 | $0 |
| Greater Phila Spine | 06/13/13 | Office | $450.00 | $0 |
| Prof Anesthesia Cons | 03/25/13 | Anesthesia | $1400.00 | $0 |
| Tonja Oberhansli | 03/25/13 | Anesthesia | $1400.00 | $0 |
| Roy M Lerman Mdpc | 03/06/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Injection | $120.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Injection | $10.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $850.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $600.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $600.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $60.00 | $0 |
| Prof Anesthesia Cons | 11/26/12 | Anesthesia | $1400.00 | $0 |
| Arlene Vogel | 11/26/12 | Anesthesia | $1400.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Radiology | $60.00 | $0 |

**Total $34,860.00**

plus any other medical expenses and/or unpaid first party benefits not as yet received by Plaintiff's counsel and/or of which Plaintiff's counsel may be unaware at the time of the filing of this Complaint.

50.    In spite of repeated demands upon the Defendant, **ALLSTATE FIRE AND CASUALTY,** neither the Plaintiff, **CARL ROBERT MCGUCKIN,** nor his medical providers were paid by **ALLSTATE FIRE AND CASUALTY,** any of the aforesaid enumerated overdue benefits and any other unpaid and overdue benefits under said contract of insurance at any time.

51.    The Defendant, **ALLSTATE FIRE AND CASUALTY,** has refused to pay and/or has not paid certain first party benefits and/or medical bills to which the Plaintiff and/or providers of medical care and services are entitled under 75 P.S. § 1712 *et. seq.* and/or other applicable law, and/or under the aforesaid policy of insurance issued by and/or assigned to **ALLSTATE FIRE AND CASUALTY,** and/or under any and all applicable law, nor has the Defendant committed itself to pay such benefits and medical bills.

52.    The Plaintiff has retained the undersigned attorney, who filed a notice of representation of the Plaintiff upon the Defendant. The Plaintiff has been forced to incur and may in the future be forced to incur additional reasonable attorney's fees and expenses to recover overdue benefits as aforesaid, which has been and will be to Plaintiff's great financial damage and loss, and said fees are recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law.   Plaintiff

16

demands payment of said attorney's fees and reimbursement of expenses and costs by the Defendant, **ALLSTATE FIRE AND CASUALTY**.

53.    As a result of the Defendant's failure and/or refusal to provide Plaintiff, **CARL ROBERT MCGUCKIN,** his counsel and/or medical providers with copies of the Peer Review Organization's initial determinations, Defendant deprived Plaintiff and his medical providers of the opportunity to request reconsideration of the Peer Review Organization's initial determination as permitted by 75 Pa. C.S. § 1797(b)(2), thereby forcing the Plaintiff to file the instant lawsuit and to incur unnecessary expenses, costs of litigation, and attorney's fees.

54.    As a result of **ALLSTATE FIRE AND CASUALTY's** failure and/or refusal to pay first party benefits, Plaintiffs were forced to submit bills of the medical providers of Plaintiff, **CARL ROBERT MCGUCKIN,** for reasonable and necessary treatment of his accident related injuries to Plaintiff's health maintenance organization, Aetna U.S. Healthcare, and Plaintiff has been and/or will be obligated to repay Aetna U.S. Healthcare's subrogation lien.

55.    The Pennsylvania Motor Vehicle Financial Responsibility Law provides that if the Court determines that medical treatment, rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount, plus interest at 12%, as well as the cost of challenge and all

17

attorney fees. 17 Pa. C.S.A. § 1797(b)(6).  Plaintiff hereby demands payment of same.

56.    The Pennsylvania Motor Vehicle Financial Responsibility Law provides for an award of treble damages under the circumstances, demand for which is hereby made.

**WHEREFORE**, the Plaintiff, **CARL ROBERT MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **FIRST COUNT** as aforesaid, in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in first party benefits, reimbursement for medical bills paid by Aetna U.S. Healthcare, reimbursement for medical bills paid by the Plaintiff, reimbursement of deductibles and co-pays incurred by Plaintiff, treble damages, statutory interest, attorney's fees, and costs.

## SECOND COUNT
### PLAINTIFF, CARL ROBERT MCGUCKIN v. DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### INSURANCE BAD FAITH

57.    The Plaintiff, **CARL ROBERT MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 56 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

18

58.   At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, was under a covenant and/or duty of good faith and fair dealing with the Plaintiff, **CARL ROBERT MCGUCKIN**, and had a fiduciary duty to the Plaintiff regarding his claim for first party benefits under the aforesaid policy of insurance.

59.   The Defendant, **ALLSTATE FIRE AND CASUALTY**, breached its covenant and/or duty of good faith and fair dealing with the Plaintiff in that the Defendant, **ALLSTATE FIRE AND CASUALTY**, acting as aforesaid, in bad faith, intentionally, knowingly, recklessly, and/or negligently, and/or otherwise did:

(a)   Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same;

(b)   Fail and/or refuse to pay first party benefits;

(c)   Fail and/or refuse to pay first party benefits without legitimate basis;

(d)   Fail and/or refuse to pay first party benefits by claiming reliance on a Peer Review which was not conducted;

(e)   Unlawfully, wrongfully, and improperly deny first party benefits on grounds that a Peer Review was pending, prior to a decision by the Peer Review Organization;

(f)   Fail to provide the Peer Review Organization with all relevant medical records pertaining to Plaintiff's accident related injuries and medical treatment.

(g)   Deny payment of Plaintiff's reasonable, necessary and accident related medical bills based on an improper, inadequate, erroneous, incorrect and/or flawed Peer Review determination.

19

(h)     Deny payment of Plaintiff's reasonable and necessary accident related Medicare bills when it knew or reasonably should have known that the Peer Review determination was improper, inadequate, erroneous, incorrect and/or flawed.

(i)     Fail to pay submitted medical bills within thirty (30) days of submission;

(j)     Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests;

(k)     Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests, thereby preventing Plaintiff from pursuing his right to reconsideration of the Peer Review determination and forcing Plaintiffs to file the instant lawsuit and to unnecessarily incur expenses, including but not limited to costs of litigation and attorney's fees;

(l)     Fail and/or refuse to pay first party benefits for reasonable and necessary medical care of Plaintiff's accident related complex regional pain syndrome and other injuries despite the decision of the panel of arbitrators in the underinsured motorist claim;

(m)     Fail and/or refuse to pay first party benefits when the Defendant was provided with substantial medical proof of Plaintiff's entitlement to same;

(n)     Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the Plaintiff into resolving his underinsured motorist claim for a sum less than the fair value of the underinsured motorist claim;

(o)     Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the outcome and/or resolution of the underinsured motorist trial and/or arbitration;

20

(p)   Continue to fail and/or refuse to pay Plaintiff a reasonable sum in satisfaction of Plaintiffs' claims for first party benefits when Defendant knew or reasonably should have known that Plaintiff's medical conditions were caused by the underinsured motorist as a result of the aforesaid accident;

(q)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and being offered assistance or other information to re-evaluate the claim;

(r)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and after notice of and/or receiving the opinion of the arbitrators of Plaintiff's underinsured motorist claim;

(s)   Force the Plaintiff to incur unnecessary expenses in the hiring and/or paying of legal counsel and in incurring other costs and expenses in order to obtain first party benefits to which he is rightfully entitled under the policy of insurance;

(t)   Injure or attempt to injure Plaintiff's right to receive bargained for benefits under the contract of insurance;

(u)   Engage in unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq.*;

(v)   Violate the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1 *et. seq*;

(w)   Represent that goods or services and/or the policy of insurance in question have ingredients, benefits or qualities that they do not have;

(x)   Represent that goods or services are of a particular standard, quality or grade when they are of another standard, quality or grade;

(y)   Advertise goods or services with intent not to sell them as advertised;

21

(z)    Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to, or after the contract for the purchase of goods or services is made;

(aa)    Engage in other fraudulent conduct which creates a likelihood of confusion or misunderstanding;

(bb)    Violate the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et. seq.;

(cc)    Make, publish, issue or circulate estimates, illustrations, circulars, statements, sales presentations and/or omission comparisons which misrepresented the benefits, advantages, conditions or terms of the aforesaid insurance policy;

(dd)    Make, issue, publish, or circulate advertisements, announcements, or statements containing representations, statements with respect to the business of insurance or with respect to any persons and conduct of his insurance business which are untrue, deceptive or misleading;

(ee)    Knowingly permit or offer to make, or make, the aforesaid contract of insurance or agreement as to such contract other than as plainly expressed in the insurance contract issued thereon;

(ff)    Commit or perform the following acts with such frequency as to indicate a business practice constituting unfair claims settlement or compromise practices:

    (1)    Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue and/or relating to Defendant's legal limitations and Plaintiff's legal rights;

    (2)    Fail to acknowledge and act promptly upon written or oral communications with respect to claims arising under the aforesaid insurance policy;

    (3)    Fail to adopt and implement reasonable standards for the prompt investigation of claims arising under the aforesaid insurance policy;

22

Case ID: 140203046

(4)   Refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5)   Refuse to timely pay claims in an attempt to avoid its contractual obligations to the Plaintiff;

(6)   Fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed and after communication to the company or its representative;

(7)   Not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy had become reasonably clear;

(8)   Compel the Plaintiffs to institute litigation to recover amounts due under the aforesaid insurance policy by offering substantially less than the amounts due and ultimately recovered in an action brought by the Plaintiffs;

(9)   Attempt to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(10)  Fail to promptly settle claims where liability has become reasonably clear under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage or under other policies of insurance;

(11)  Fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law, for denial of a claim or the offer of a compromise settlement;

(gg)  Hold Plaintiff's first party benefits claim "hostage" by refusing to pay the claim in order to influence the outcome of Plaintiff's underinsured motorist claim;

23

(hh)   Refuse to pay **CARL ROBERT MCGUCKIN**'s claim for first party medical benefits, and/or refuse to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or medical providers for reasonable and necessary medical care and treatment of his accident related injuries, after being advised through the reports of Plaintiff's medical providers and/or the findings, award, and/or opinion of the arbitrators, that **CARL ROBERT MCGUCKIN** suffers from permanent complex regional pain syndrome Type I/reflex sympathetic dystrophy as a result of the aforesaid motor vehicle accident, as well as other injuries, that his past medical treatment was reasonable and necessary, and that the Plaintiff will require ongoing medical care and treatment of his accident related injuries;

(ii)   Refuse and/or fail to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or his medical providers for certain medical bills for reasonable and necessary medical care and treatment of his accident related injuries which was received and/or undergone prior to any independent medical examination and/or Peer Review;

(jj)   Fail and/or refuse to offer a reasonable sum in settlement of Plaintiffs' first party benefits for an unreasonable period after receiving the favorable reports of Plaintiff's medical providers and/or after the receiving the findings, award, and/or opinion of the arbitrators of Plaintiffs' underinsured motorist claim.

(kk)   Conduct an inadequate investigation of Plaintiff's first party claim.

(ll)   Refuse to pay first party benefits without conducting a reasonable investigation based upon all available information.

(mm)  fail to challenge the medical provider's bills within ninety (90) days of the Defendant's receipt of the bill.

60.   The aforesaid actions by the Defendant were committed with the purpose and intention of avoiding and/or limiting Defendant's obligations under the aforesaid policy of insurance and/or with the purpose and intention of increasing Defendant's wealth, at the Plaintiff's detriment.

61.    The aforesaid actions by the Defendant were done willfully, wantonly, maliciously, intentionally, negligently, and/or otherwise, and in bad faith.

62.    Solely as a result of the Defendant's bad faith as aforesaid, the Plaintiff, **CARL ROBERT MCGUCKIN**, suffered damages, including but not limited to, failure to receive benefits rightfully due and owing under the said insurance policy, unreasonable delay in payment of benefits rightfully due and owing under the said insurance policy, loss of a portion of Plaintiffs' recovery from the tort feasor which Plaintiff was forced to pay to Aetna U.S. Healthcare in payment of Aetna's subrogation lien, incurring of deductibles, co-pays, medical bills, debts, litigation costs and attorney's fees, and other expenses, and  incurring severe emotional distress, aggravation of  his aforesaid injuries, and retarding of the healing process.

63.    The aforesaid bad faith actions of the Defendant insurer were done by the insurer in an action arising under Plaintiff's insurance policy, and/or after Plaintiff made a claim for first party benefits and/or underinsured motorist benefits under the policy, and/or after the lawsuit against Defendant for underinsured motorist benefits was filed, and/or arbitrators were appointed, and/or after arbitration was demanded.

64.    In an action arising under an insurance policy, the insured may make a claim against the insurer for damages for bad faith pursuant to 42 P.S. § 8371.

25

65.   The aforesaid statute provides for an award of interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three (3%) percent, an award of punitive damages against the insurer, and an assessment of court costs and attorney's fees against the insurer, all of which Plaintiff is entitled to under the circumstances of this case, and which Plaintiff hereby demands.

**WHEREFORE**, Plaintiff, **CARL ROBERT MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **SECOND COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, punitive damages, costs and attorneys' fees.

## THIRD COUNT
### PLAINTIFF, CARL ROBERT MCGUCKIN v. DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

66.   The Plaintiff, **CARL ROBERT MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 65 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

67.   The Defendant, **ALLSTATE FIRE AND CASUALTY**, breached its covenant and/or duty of good faith and fair dealing with the Plaintiff in that the

Defendant, **ALLSTATE FIRE AND CASUALTY**, acting as aforesaid, in bad faith, intentionally, knowingly, recklessly, and/or negligently, and/or otherwise did:

(a) Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same;

(b) Fail and/or refuse to pay first party benefits;

(c) Fail and/or refuse to pay first party benefits without legitimate basis;

(d) Fail and/or refuse to pay first party benefits by claiming reliance on a Peer Review which was not conducted;

(e) Unlawfully, wrongfully, and improperly deny first party benefits on grounds that a Peer Review was pending, prior to a decision by the Peer Review Organization;

(f) Fail to provide the Peer Review Organization with all relevant medical records pertaining to Plaintiff's accident related injuries and medical treatment.

(g) Deny payment of Plaintiff's reasonable, necessary and accident related medical bills based on an improper, inadequate, erroneous, incorrect and/or flawed Peer Review determination.

(h) Deny payment of Plaintiff's reasonable and necessary accident related Medicare bills when it knew or reasonably should have known that the Peer Review determination was improper, inadequate, erroneous, incorrect and/or flawed.

(i) Fail to pay submitted medical bills within thirty (30) days of submission;

(j) Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests;

(k) Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests, thereby preventing Plaintiff from pursuing his right to reconsideration of the Peer Review determination and forcing

27

Plaintiffs to file the instant lawsuit and to unnecessarily incur expenses, including but not limited to costs of litigation and attorney's fees;

(l)   Fail and/or refuse to pay first party benefits for reasonable and necessary medical care of Plaintiff's accident related complex regional pain syndrome and other injuries despite the decision of the panel of arbitrators in the underinsured motorist claim;

(m)   Fail and/or refuse to pay first party benefits when the Defendant was provided with substantial medical proof of Plaintiff's entitlement to same;

(n)   Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the Plaintiff into resolving his underinsured motorist claim for a sum less than the fair value of the underinsured motorist claim;

(o)   Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the outcome and/or resolution of the underinsured motorist trial and/or arbitration;

(p)   Continue to fail and/or refuse to pay Plaintiff a reasonable sum in satisfaction of Plaintiffs' claims for first party benefits when Defendant knew or reasonably should have known that Plaintiff's medical conditions were caused by the underinsured motorist as a result of the aforesaid accident;

(q)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and being offered assistance or other information to re-evaluate the claim;

(r)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and after notice of and/or receiving the opinion of the arbitrators of Plaintiff's underinsured motorist claim;

28

(s)    Force the Plaintiff to incur unnecessary expenses in the hiring and/or paying of legal counsel and in incurring other costs and expenses in order to obtain first party benefits to which he is rightfully entitled under the policy of insurance;

(t)    Injure or attempt to injure Plaintiff's right to receive bargained for benefits under the contract of insurance;

(u)    Engage in unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq.*;

(v)    Violate the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1 *et. seq*;

(w)    Represent that goods or services and/or the policy of insurance in question have ingredients, benefits or qualities that they do not have;

(x)    Represent that goods or services are of a particular standard, quality or grade when they are of another standard, quality or grade;

(y)    Advertise goods or services with intent not to sell them as advertised;

(z)    Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to, or after the contract for the purchase of goods or services is made;

(aa)    Engage in other fraudulent conduct which creates a likelihood of confusion or misunderstanding;

(bb)    Violate the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et. seq.;

(cc)    Make, publish, issue or circulate estimates, illustrations, circulars, statements, sales presentations and/or omission comparisons which misrepresented the benefits, advantages, conditions or terms of the aforesaid insurance policy;

29

(dd)   Make, issue, publish, or circulate advertisements, announcements, or statements containing representations, statements with respect to the business of insurance or with respect to any persons and conduct of his insurance business which are untrue, deceptive or misleading;

(ee)   Knowingly permit or offer to make, or make, the aforesaid contract of insurance or agreement as to such contract other than as plainly expressed in the insurance contract issued thereon;

(ff)   Commit or perform the following acts with such frequency as to indicate a business practice constituting unfair claims settlement or compromise practices:

(1)   Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue and/or relating to Defendant's legal limitations and Plaintiff's legal rights;

(2)   Fail to acknowledge and act promptly upon written or oral communications with respect to claims arising under the aforesaid insurance policy;

(3)   Fail to adopt and implement reasonable standards for the prompt investigation of claims arising under the aforesaid insurance policy;

(4)   Refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5)   Refuse to timely pay claims in an attempt to avoid its contractual obligations to the Plaintiff;

(6)   Fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed and after communication to the company or its representative;

(7)   Not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy had become reasonably clear;

30

(8)    Compel the Plaintiffs to institute litigation to recover amounts due under the aforesaid insurance policy by offering substantially less than the amounts due and ultimately recovered in an action brought by the Plaintiffs;

(9)    Attempt to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(10)    Fail to promptly settle claims where liability has become reasonably clear under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage or under other policies of insurance;

(11)    Fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law, for denial of a claim or the offer of a compromise settlement;

(gg)    Hold Plaintiff's first party benefits claim "hostage" by refusing to pay the claim in order to influence the outcome of Plaintiff's underinsured motorist claim;

(hh)    Refuse to pay **CARL ROBERT MCGUCKIN**'s claim for first party medical benefits, and/or refuse to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or medical providers for reasonable and necessary medical care and treatment of his accident related injuries, after being advised through the reports of Plaintiff's medical providers and/or the findings, award, and/or opinion of the arbitrators, that **CARL ROBERT MCGUCKIN** suffers from permanent complex regional pain syndrome Type I/reflex sympathetic dystrophy as a result of the aforesaid motor vehicle accident, as well as other injuries, that his past medical treatment was reasonable and necessary, and that the Plaintiff will require ongoing medical care and treatment of his accident related injuries;

31

(ii)    Refuse and/or fail to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or his medical providers for certain medical bills for reasonable and necessary medical care and treatment of his accident related injuries which was received and/or undergone prior to any independent medical examination and/or Peer Review;

(jj)    Fail and/or refuse to offer a reasonable sum in settlement of Plaintiffs' first party benefits for an unreasonable period after receiving the favorable reports of Plaintiff's medical providers and/or after the receiving the findings, award, and/or opinion of the arbitrators of Plaintiffs' underinsured motorist claim.

(kk)  Conduct an inadequate investigation of Plaintiff's first party claim.

(ll)    Refuse to pay first party benefits without conducting a reasonable investigation based upon all available information.

(mm)  fail to challenge the medical provider's bills within ninety (90) days of the Defendant's receipt of the bill.

68.    Solely as a result of the Defendant's breach of contract as aforesaid, the Plaintiff, **CARL ROBERT MCGUCKIN**, suffered damages, including but not limited to, failure to receive first party benefits rightfully due and owing under the said insurance policy, unreasonable delay in payment of benefits rightfully due and owing under the said insurance policy, loss of a portion of Plaintiffs' recovery from the tortfeasor and/or other monies which Plaintiff is/or was forced to pay to Aetna U.S. Healthcare in payment of Aetna's subrogation lien, and incurring of medical bills, deductibles, co-pays, debts, litigation costs and attorneys fees.

32

WHEREFORE, the Plaintiff, **CARL ROBERT MCGUCKIN**, demands judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **THIRD COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, costs and attorney's fees.

<div align="center">

**FOURTH COUNT**
**PLAINTIFF, CARL ROBERT MCGUCKIN v. DEFENDANT, ALLSTATE**
**FIRE AND CASUALTY INSURANCE COMPANY**

**VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER**
**PROTECTION LAW**

</div>

69.    The Plaintiff, **CARL ROBERT MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 68 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

70.    The aforementioned actions of the Defendant, **ALLSTATE FIRE AND CASUALTY**, were done intentionally, knowingly, recklessly, and/or negligently and/or fraudulently and/or constitute acts of malfeasance in refusing and/or failing to fulfill **ALLSTATE FIRE AND CASUALTY**'s contractual obligations to the Plaintiff.

71.    At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, represented to the Plaintiff and members of the general public that **ALLSTATE FIRE AND CASUALTY** would provide its

<div align="center">33</div>

insureds with the contracted for goods or services of insurance coverage, including but not limited to first party benefits, in a reasonable amount and for the reasonable value of the insureds' claims, up to and including the applicable policy limits without engaging in bad faith, unfair methods of competition, unfair or deceptive acts or practices, unreasonable acts or unreasonable tactics and/or any of the aforesaid enumerated actions of the Defendant, **ALLSTATE FIRE AND CASUALTY**.

72.    The Plaintiff, **CARL ROBERT MCGUCKIN**, reasonably believed that the Defendant would deal with the Plaintiff in a fair manner and in good faith and would not engage in unfair methods of competition and/or unfair or deceptive acts or practices.

73.    The aforementioned actions of the Defendant, **ALLSTATE FIRE AND CASUALTY**, constitute unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.* in that the Defendant, acting as aforesaid, intentionally, knowingly, recklessly, and/or negligently and/or fraudulently and/or otherwise did:

(a)    Represent that goods or services have ingredients, benefits or quantities that they do not have;

(b)    Represent that goods or services are of a particular standard, quality or grade if they are of another;

(c)    Advertise goods or services with intent not to sell them as advertised;

34

(d)   Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to or after the contract for the purchase of goods or services is made;

(e)   Engage in any other fraudulent conduct which creates a likelihood of confusion or of misunderstanding;

(f)   Engage in such other unfair methods of competition and/or commit such other unfair or deceptive acts or practices as maybe disclosed through discovery and the course of trial.

74.   The aforementioned representations and actions by the Defendant were false representations and advertisements when they were made, were false at all times relevant hereto, were known by the Defendant to be false at the time they were made, and were made with the intention of causing the Plaintiff to rely on said falsehoods, and the Plaintiff in fact relied thereon in purchasing the aforesaid policy of insurance, and said representations, advertisement and actions, constitute common law fraud.

75.   The aforesaid actions of the Defendant were done with the intention of avoiding and/or limiting the Defendant's obligations to the Plaintiff under the terms and conditions of the insurance policy and constitute intentional misfeasance rather than nonfeasance or mere denial of, or failure to pay, benefits.

76.   As result of the unfair methods of competition and/or unfair or deceptive acts or practices by Defendant, the Plaintiff, **CARL ROBERT MCGUCKIN**, has suffered damages including but not limited to, failure to receive benefits rightfully due and owing under the said insurance policy, unreasonable

35

delay in payment of benefits rightfully due and owing under the said insurance policy, loss of a portion of Plaintiffs' recovery from the tortfeasor and/or other monies which Plaintiff was forced to pay Aetna U.S. Healthcare in payment of Aetna's subrogation lien, incurring of deductibles, co-pays, debts, litigation costs and attorneys' fees, incurring severe emotional distress, aggravation of his aforesaid injuries, and retarding of the healing process.

77.    Plaintiff purchased goods or services, being the policy of insurance, primarily for personal, family or household purposes and thereby suffered an ascertainable loss of money or personal property as a result of the use or employment by Defendant of the aforesaid methods, acts or practices, which methods, acts or practices are declared unlawful by Section 3 of The Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-3.

78.    Plaintiff may bring the instant private action to recover actual damages and an award of three times the actual damages sustained and an award of such additional relief as the court may deem necessary or proper, under 73 P.S. §201-9., *et seq.*

79.    The Defendant, **ALLSTATE FIRE AND CASUALTY**, is liable to the Plaintiff for Defendant's violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.*

Case ID: 140203046

80.    The Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1., *et seq.*, provides for an award of treble damages under the circumstances, which Plaintiff hereby demands.

WHEREFORE, Plaintiff, **CARL ROBERT MCGUCKIN**, demands judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the Fourth Count as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, treble damages, statutory interest, punitive damages, costs and attorneys fees.

<div align="center">

**FIFTH COUNT**
**PLAINTIFF, CARL ROBERT MCGUCKIN v. DEFENDANT, ALLSTATE FIRE**
**AND CASUALTY INSURANCE COMPANY**

**INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL**
**DISTRESS**

</div>

81.    The Plaintiff, **CARL ROBERT MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 80 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

82.    The aforesaid acts of insurance bad faith set forth in the Second Count, *supra*, constitute intentional, reckless, and/or negligent tortious acts of insurance bad faith.

83.    The aforesaid tortious acts and conduct of insurance bad faith by the Defendant, **ALLSTATE FIRE AND CASUALTY**, constitute extreme and outrageous

<div align="center">37</div>

conduct done intentionally, and/or recklessly, and/or negligently to cause the Plaintiff to suffer severe emotional distress and Plaintiff did, in fact, suffer severe emotional distress therefrom.

84.    As a result of the suffering the aforesaid severe emotional distress from Defendant's aforesaid tortious, extreme and outrageous acts of insurance bad faith, the Plaintiff, **CARL ROBERT MCGUCKIN**, suffered physical harm, including but not limited to aggravation of complex regional pain syndrome type I/reflex sympathetic dystrophy, migraine headaches, and other injuries, increased physical pain, retarding of the healing process of his aforesaid injuries, anxiety and/or nervous disorder, and/or depression, and/or increased anxiety and/or nervous disorder, and/or depression, severe headaches and/or other physical injuries.

85.    The Defendant, **ALLSTATE FIRE AND CASUALTY** is liable to the Plaintiff, **CARL ROBERT MCGUCKIN**, for intentional and/or negligent infliction of emotional distress.

**WHEREFORE**, the Plaintiff, **CARL ROBERT MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **FIFTH COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, punitive damages, costs and attorneys fees.

## SIXTH COUNT
## PLAINTIFF, GERI MCGUCKIN v. DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### FIRST PARTY BENEFITS

86.     The Plaintiff, **GERI MCGUCKIN,** hereby incorporates by reference each and every allegation contained in paragraphs 1 through 85 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

87.     Under Pennsylvania law, the Plaintiff-wife, **GERI MCGUCKIN,** is legally responsible for payment of her husband's medical bills.

88.     Under Pennsylvania law, the Plaintiff-wife, **GERI MCGUCKIN,** is a beneficiary and/or third party beneficiary of the said contract of insurance issued by **ALLSTATE FIRE AND CASUALTY** and providing coverage to her husband, **CARL ROBERT MCGUCKIN,** at the time of the aforesaid accident.

89.     Pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. § 1701, *et. seq.,* and all other pertinent statutes and laws, and pursuant to the policy of insurance issued by **ALLSTATE FIRE AND CASUALTY,** the Defendant, **ALLSTATE FIRE AND CASUALTY,** became the obligor of medical benefits and first party benefits, and as such, owes to the Plaintiffs and/or providers of hospitals, surgical, physicians', and medical services, certain payments to which Plaintiffs and/or providers of medical services are entitled as a result of the aforementioned accident of January 5, 2008 and the medical care and treatment of Plaintiff's injuries resulting therefrom.

39

Case ID: 140203046

90.   As a result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has been and/or will be obliged to receive and undergo surgeries, hospitalizations, medical attention, care, and treatment, and to expend various and large sums of monies for various expenses described as "medical benefits" in 75 P.S. § 1712 *et. seq.*, and/or under other applicable law, and the Plaintiff, **CARL ROBERT MCGUCKIN**, may be obliged to continue to expend such sums or to incur such expenditures for an indefinite time in the future.

91.   Pursuant to the policy issued by Defendant, **ALLSTATE FIRE AND CASUALTY**, and providing coverage to the Plaintiffs at the time of the aforesaid accident, and/ or other applicable statutes and/or laws, the Defendant, **ALLSTATE FIRE AND CASULTY**, is obligated to pay Plaintiffs' reasonable and necessary medical bills arising from the aforesaid motor vehicle accident in an amount up to One Million ($1,000,000.00) Dollars.

92.   Pursuant to the policy issued by Defendant, **ALLSTATE FIRE AND CASULTY**, and providing coverage to the Plaintiff at the time of the aforesaid accident, and/ or other applicable statutes and/or laws, the Defendant, **ALLSTATE FIRE AND CASULTY**, is obligated to pay Plaintiff's loss of earnings arising from the aforesaid motor vehicle accident in an amount up to Fifty Thousand ($50,000.00) Dollars.

93.   As a further result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has suffered and/or may suffer a severe loss of his

earnings and/or an impairment of his earning capacity and power, which such loss of income and/or impairment of his earning capacity and power is defined as "income loss benefits" in 75 P.S. § 1712 *et. seq.*, and/or other applicable law.

94.   Defendant failed to pay and/or denied all income loss benefits to which Plaintiff is entitled under the aforesaid policy of insurance and/or under the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 P.S. § 1712 *et. seq.*, demand for which is hereby made.

95.   As a further result of the aforesaid occurrence, the Plaintiff, **CARL ROBERT MCGUCKIN**, has suffered and/or may suffer a severe loss of "other benefits" as described in 75 P.S. § 1712 *et. seq.* and/or other applicable law.

96.   Following the aforesaid occurrence, the Plaintiffs gave timely and reasonable notice to the Defendant, **ALLSTATE FIRE AND CASUALTY**, of said occurrence and submitted and/or caused to be submitted to said Defendant, reasonable proof of the facts of the loss and the amount of loss and expenses incurred to date, submitted on the appropriate forms.   Further, the Plaintiffs and/or medical providers did from time to time thereafter submit to and/or cause to be submitted to the Defendant, **ALLSTATE FIRE AND CASUALTY**, in writing, the amounts of losses, and copies thereof, sustained because of expenses paid or incurred for those benefits described in 75 P.S. § 1712 *et. seq.* and/or other applicable law.   The following is a list of requested first party benefits and/or medical benefits overdue:

41

| MEDICAL PROVIDER | DATE OF SERVICE | PROCEDURE | AMT/BILL | PAID AMOUNT |
|---|---|---|---|---|
| Main Line Spine Surg | 06/23/14 | Injection | $425.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 06/23/14 | Radiology | $0.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 05/19/14 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $425.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $300.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Injection | $300.00 | $0 |
| Roy M Lerman Mdpc | 05/19/14 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 05/13/14 | Office | $130.00 | $0 |
| Denis Rogers | 04/01/14 | Office | $130.00 | $0 |
| Denis Rogers | 01/13/14 | Injection | $325.00 | $0 |
| Denis Rogers | 01/13/14 | Fluroscopic | $150.00 | $0 |
| Denis Rogers | 01/13/14 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 12/23/13 | Injection | $1200.00 | $0 |
| Denis Rogers | 12/23/13 | Injection | $400.00 | $0 |
| Denis Rogers | 12/23/13 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 12/02/13 | Injection | $325.00 | $0 |
| Roy M Lerman Mdpc | 12/02/13 | Fluoroscopic | $150.00 | $0 |
| Roy M Lerman Mdpc | 12/02/13 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 12/02/13 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 12/02/13 | Radiology | $60.00 | $0 |
| Main Line Spine Surg | 11/18/13 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/18/13 | Radiology | $60.00 | $0 |
| Aruna Chivukula | 11/18/13 | Anesthesia | $1600.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Injection | $325.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Fluroscopic | $150.00 | $0 |
| Roy M Lerman Mdpc | 11/18/13 | Radiology | $60.00 | $0 |
| Roy M Lerman Mdpc | 11/13/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 10/18/13 | Office | $130.00 | $0 |
| Michael Doherty | 09/23/13 | Anesthesia | $1400.00 | $0 |
| Greater Phila Spine | 08/27/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 07/16/13 | Office | $130.00 | $0 |
| Greater Phila Spine | 07/11/13 | Office | $195.00 | $0 |
| Greater Phila Spine | 06/13/13 | Office | $450.00 | $0 |
| Prof Anesthesia Cons | 03/25/13 | Anesthesia | $1400.00 | $0 |
| Tonja Oberhansli | 03/25/13 | Anesthesia | $1400.00 | $0 |
| Roy M Lerman Mdpc | 03/06/13 | Office | $130.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Injection | $120.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Injection | $10.00 | $0 |
| Roy M Lerman Mdpc | 04/23/13 | Office | $130.00 | $0 |

42

| Roy M Lerman Mdpc | 11/26/12 | Injection | $850.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $600.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $600.00 | $0 |
| Roy M Lerman Mdpc | 11/26/12 | Injection | $60.00 | $0 |
| Prof Anesthesia Cons | 11/26/12 | Anesthesia | $1400.00 | $0 |
| Arlene Vogel | 11/26/12 | Anesthesia | $1400.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1300.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1200.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Injection | $1100.00 | $0 |
| Main Line Spine Surg | 11/26/12 | Radiology | $60.00 | $0 |

**Total:      $34,860.00**

plus any other medical expenses and/or unpaid first party benefits not as yet received by Plaintiff's counsel and/or of which Plaintiff's counsel may be unaware at the time of the filing of this Complaint.

97.    In spite of repeated demands upon the Defendant, **ALLSTATE FIRE AND CASUALTY**, neither the Plaintiffs nor medical providers were paid by **ALLSTATE FIRE AND CASUALTY**, any of the aforesaid enumerated overdue benefits and any other unpaid and overdue benefits under said contract of insurance at any time.

43

98.    The Defendant, **ALLSTATE FIRE AND CASUALTY**, has refused to pay and/or has not paid certain first party benefits and/or medical bills to which the Plaintiff and/or providers of medical care and services are entitled under 75 P.S. § 1712 *et. seq.* and/or other applicable law, and/or under the aforesaid policy of insurance issued by and/or assigned to **ALLSTATE FIRE AND CASUALTY**, and/or under any and all applicable law, nor has the Defendant committed itself to pay such benefits and medical bills.

99.    The Plaintiff has retained the undersigned attorney, who filed a notice of representation of the Plaintiff upon the Defendant. The Plaintiff has been forced to incur and may in the future be forced to incur additional reasonable attorney's fees and expenses to recover overdue benefits as aforesaid, which has been and will be to Plaintiff's great financial damage and loss, and said fees are recoverable under the Pennsylvania Motor Vehicle Financial Responsibility Law.   Plaintiff demands payment of said attorney's fees and reimbursement of expenses and costs by the Defendant, **ALLSTATE FIRE AND CASUALTY**.

100.  As a result of the Defendant's failure and/or refusal to provide Plaintiffs, their counsel and/or medical providers with copies of the Peer Review Organization's initial determinations, Defendant deprived Plaintiff and his medical providers of the opportunity to request reconsideration of the Peer Review Organization's initial determination as permitted by 75 Pa. C.S. § 1797(b)(2),

Case ID: 140203046

thereby forcing the Plaintiff to file the instant lawsuit and to incur unnecessary expenses, costs of litigation, and attorney's fees.

101.   As a result of **ALLSTATE FIRE AND CASUALTY**'s failure and/or refusal to pay first party benefits, Plaintiffs were forced to submit bills of the medical providers of Plaintiff, **CARL ROBERT MCGUCKIN**, for reasonable and necessary treatment of his accident related injuries to Plaintiff's health maintenance organization, Aetna U.S. Healthcare.

102.   The Pennsylvania Motor Vehicle Financial Responsibility Law provides that if the Court determines that medical treatment, rehabilitative services or merchandise were medically necessary, the insurer must pay to the provider the outstanding amount, plus interest at 12%, as well as the cost of challenge and all attorney fees. 17 Pa. C.S.A. § 1797(b)(6).  Plaintiff hereby demands payment of same.

103.   The Pennsylvania Motor Vehicle Financial Responsibility Law provides for an award of treble damages under the circumstances, demand for which is hereby made.

**WHEREFORE**, Plaintiff, **GERI MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **SIXTH COUNT**, Plaintiff, as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, punitive damages, treble damages, costs and attorney's fees.

45

## SEVENTH COUNT
## PLAINTIFF, GERI MCGUCKIN v. DEFENDANT, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### INSURANCE BAD FAITH

104. The Plaintiff, **GERI MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 103 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

105. At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, was under a covenant and/or duty of good faith and fair dealing with the Plaintiff, **GERI MCGUCKIN**, and had a fiduciary duty to the Plaintiff regarding her claim for first party benefits under the aforesaid policy of insurance.

106. The Defendant, **ALLSTATE FIRE AND CASUALTY**, breached its covenant and/or duty of good faith and fair dealing with the Plaintiff in that the Defendant, **ALLSTATE FIRE AND CASUALTY**, acting as aforesaid, in bad faith, intentionally, knowingly, recklessly, and/or negligently, and/or otherwise did:

(a) Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same;

(b) Fail and/or refuse to pay first party benefits;

(c) Fail and/or refuse to pay first party benefits without legitimate basis;

46

(d)    Fail and/or refuse to pay first party benefits by claiming reliance on a Peer Review which was not conducted;

(e)    Unlawfully, wrongfully, and improperly deny first party benefits on grounds that a Peer Review was pending, prior to a decision by the Peer Review Organization;

(f)    Fail to provide the Peer Review Organization with all relevant medical records pertaining to Plaintiff's accident related injuries and medical treatment.

(g)    Deny payment of Plaintiff's reasonable, necessary and accident related medical bills based on an improper, inadequate, erroneous, incorrect and/or flawed Peer Review determination.

(h)    Deny payment of Plaintiff's reasonable and necessary accident related Medicare bills when it knew or reasonably should have known that the Peer Review determination was improper, inadequate, erroneous, incorrect and/or flawed.

(i)    Fail to pay submitted medical bills within thirty (30) days of submission;

(j)    Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests;

(k)    Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests, thereby preventing Plaintiff from pursuing his right to reconsideration of the Peer Review determination and forcing Plaintiffs to file the instant lawsuit and to unnecessarily incur expenses, including but not limited to costs of litigation and attorney's fees;

(l)    Fail and/or refuse to pay first party benefits for reasonable and necessary medical care of Plaintiff's accident related complex regional pain syndrome and other injuries despite the decision of the panel of arbitrators in the underinsured motorist claim;

(m)    Fail and/or refuse to pay first party benefits when the Defendant was provided with substantial medical proof of Plaintiff's entitlement to same;

- 47 -

(n)     Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the Plaintiff into resolving his underinsured motorist claim for a sum less than the fair value of the underinsured motorist claim;

(o)     Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the outcome and/or resolution of the underinsured motorist trial and/or arbitration;

(p)     Continue to fail and/or refuse to pay Plaintiff a reasonable sum in satisfaction of Plaintiffs' claims for first party benefits when Defendant knew or reasonably should have known that Plaintiff's medical conditions were caused by the underinsured motorist as a result of the aforesaid accident;

(q)     Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and being offered assistance or other information to re-evaluate the claim;

(r)     Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and after notice of and/or receiving the opinion of the arbitrators of Plaintiff's underinsured motorist claim;

(s)     Force the Plaintiff to incur unnecessary expenses in the hiring and/or paying of legal counsel and in incurring other costs and expenses in order to obtain first party benefits to which he is rightfully entitled under the policy of insurance;

(t)     Injure or attempt to injure Plaintiff's right to receive bargained for benefits under the contract of insurance;

(u)     Engage in unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq.*;

48

(v)    Violate the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1 *et. seq;*

(w)    Represent that goods or services and/or the policy of insurance in question have ingredients, benefits or qualities that they do not have;

(x)    Represent that goods or services are of a particular standard, quality or grade when they are of another standard, quality or grade;

(y)    Advertise goods or services with intent not to sell them as advertised;

(z)    Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to, or after the contract for the purchase of goods or services is made;

(aa)    Engage in other fraudulent conduct which creates a likelihood of confusion or misunderstanding;

(bb)    Violate the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et. seq.;

(cc)    Make, publish, issue or circulate estimates, illustrations, circulars, statements, sales presentations and/or omission comparisons which misrepresented the benefits, advantages, conditions or terms of the aforesaid insurance policy;

(dd)    Make, issue, publish, or circulate advertisements, announcements, or statements containing representations, statements with respect to the business of insurance or with respect to any persons and conduct of his insurance business which are untrue, deceptive or misleading;

(ee)    Knowingly permit or offer to make, or make, the aforesaid contract of insurance or agreement as to such contract other than as plainly expressed in the insurance contract issued thereon;

49

(ff)    Commit or perform the following acts with such frequency as to indicate a business practice constituting unfair claims settlement or compromise practices:

(1)    Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue and/or relating to Defendant's legal limitations and Plaintiff's legal rights;

(2)    Fail to acknowledge and act promptly upon written or oral communications with respect to claims arising under the aforesaid insurance policy;

(3)    Fail to adopt and implement reasonable standards for the prompt investigation of claims arising under the aforesaid insurance policy;

(4)    Refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5)    Refuse to timely pay claims in an attempt to avoid its contractual obligations to the Plaintiff;

(6)    Fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed and after communication to the company or its representative;

(7)    Not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy had become reasonably clear;

(8)    Compel the Plaintiffs to institute litigation to recover amounts due under the aforesaid insurance policy by offering substantially less than the amounts due and ultimately recovered in an action brought by the Plaintiffs;

(9)    Attempt to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

50

(10) Fail to promptly settle claims where liability has become reasonably clear under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage or under other policies of insurance;

(11) Fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law, for denial of a claim or the offer of a compromise settlement;

(gg) Hold Plaintiff's first party benefits claim "hostage" by refusing to pay the claim in order to influence the outcome of Plaintiff's underinsured motorist claim;

(hh) Refuse to pay **CARL ROBERT MCGUCKIN**'s claim for first party medical benefits, and/or refuse to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or medical providers for reasonable and necessary medical care and treatment of his accident related injuries, after being advised through the reports of Plaintiff's medical providers and/or the findings, award, and/or opinion of the arbitrators, that **CARL ROBERT MCGUCKIN** suffers from permanent complex regional pain syndrome Type I/reflex sympathetic dystrophy as a result of the aforesaid motor vehicle accident, as well as other injuries, that his past medical treatment was reasonable and necessary, and that the Plaintiff will require ongoing medical care and treatment of his accident related injuries;

(ii) Refuse and/or fail to pay and/or reimburse Plaintiffs and/or his medical providers for certain medical bills for reasonable and necessary medical care and treatment of his accident related injuries which was received and/or undergone prior to any independent medical examination and/or Peer Review;

(jj) Fail and/or refuse to offer a reasonable sum in settlement of Plaintiffs' first party benefits for an unreasonable period after receiving the favorable reports of Plaintiff's medical providers and/or after the receiving the findings, award, and/or opinion of the arbitrators of Plaintiffs' underinsured motorist claim.

51

(kk)   Conduct an inadequate investigation of Plaintiff's first party claim.

(ll)   Refuse to pay first party benefits without conducting a reasonable investigation based upon all available information.

(mm)  fail to challenge the medical provider's bills within ninety (90) days of the Defendant's receipt of the bill.

107.   The aforesaid actions by the Defendant were committed with the purpose and intention of avoiding and/or limiting Defendant's obligations under the aforesaid policy of insurance and/or with the purpose and intention of increasing Defendant's wealth, at the Plaintiff's detriment.

108.   The aforesaid actions by the Defendant were done willfully, wantonly, maliciously, intentionally, negligently, and/or otherwise, and in bad faith.

109.   Solely as a result of the Defendant's bad faith as aforesaid, the Plaintiff, **GERI MCGUCKIN**, suffered damages, including but not limited to, failure to receive benefits rightfully due and owing under the said insurance policy, unreasonable delay in payment of benefits rightfully due and owing under the said insurance policy, loss of a portion of Plaintiffs' recovery from the tortfeasor and/or other monies which Plaintiff was forced to pay to Aetna U.S. Healthcare in payment of Aetna's subrogation lien, incurring of deductibles, co-pays, medical bills, debts, litigation costs and attorney's fees, and other expenses, and incurring severe emotional distress, aggravation of his aforesaid injuries, and retarding of the healing process,

52

110.   The aforesaid bad faith actions of the Defendant insurer were done by the insurer in an action arising under Plaintiff's insurance policy, and/or after Plaintiff made a claim for first party benefits and/or underinsured motorist benefits under the policy, and/or after the lawsuit against Defendant for underinsured motorist benefits was filed, and/or arbitrators were appointed, and/or after arbitration was demanded.

111.   In an action arising under an insurance policy, the insured may make a claim against the insurer for damages for bad faith pursuant to 42 P.S. § 8371.

112.   The aforesaid statute provides for an award of interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three (3%) percent, an award of punitive damages against the insurer, and an assessment of court costs and attorney's fees against the insurer, all of which Plaintiff is entitled to under the circumstances of this case, and which Plaintiff hereby demands.

**WHEREFORE**, Plaintiff, **GERI MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **SEVENTH COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, punitive damages, costs and attorneys' fees.

53

**EIGHTH COUNT**
**PLAINTIFF, GERI MCGUCKIN v. DEFENDANT, ALLSTATE**
**FIRE AND CASUALTY INSURANCE COMPANY**

**BREACH OF CONTRACT**

113.   The Plaintiff, **GERI MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 112 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

114.   The Defendant, **ALLSTATE FIRE AND CASUALTY**, acting as aforesaid, maliciously, willfully, wantonly, in bad faith, intentionally, knowingly, recklessly, and/or negligently, and/or otherwise breached its aforesaid contract and/or policy of insurance with the Plaintiff, **GERI MCGUCKIN**, in that it did:

(a)   Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same;

(b)   Fail and/or refuse to pay first party benefits;

(c)   Fail and/or refuse to pay first party benefits without legitimate basis;

(d)   Fail and/or refuse to pay first party benefits by claiming reliance on a Peer Review which was not conducted;

(e)   Unlawfully, wrongfully, and improperly deny first party benefits on grounds that a Peer Review was pending, prior to a decision by the Peer Review Organization;

54

(f)     Fail to provide the Peer Review Organization with all relevant medical records pertaining to Plaintiff's accident related injuries and medical treatment.

(g)     Deny payment of Plaintiff's reasonable, necessary and accident related medical bills based on an improper, inadequate, erroneous, incorrect and/or flawed Peer Review determination.

(h)     Deny payment of Plaintiff's reasonable and necessary accident related Medicare bills when it knew or reasonably should have known that the Peer Review determination was improper, inadequate, erroneous, incorrect and/or flawed.

(i)     Fail to pay submitted medical bills within thirty (30) days of submission;

(j)     Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests;

(k)     Fail and/or refuse to provide Plaintiff with copies of all alleged Peer Review initial determinations, despite repeated requests, thereby preventing Plaintiff from pursuing his right to reconsideration of the Peer Review determination and forcing Plaintiffs to file the instant lawsuit and to unnecessarily incur expenses, including but not limited to costs of litigation and attorney's fees;

(l)     Fail and/or refuse to pay first party benefits for reasonable and necessary medical care of Plaintiff's accident related complex regional pain syndrome and other injuries despite the decision of the panel of arbitrators in the underinsured motorist claim;

(m)     Fail and/or refuse to pay first party benefits when the Defendant was provided with substantial medical proof of Plaintiff's entitlement to same;

(n)     Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the Plaintiff into resolving his underinsured motorist claim for a sum less than the fair value of the underinsured motorist claim;

55

(o)   Fail and/or refuse to pay first party benefits when the Defendant knew and/or reasonably should have known that Plaintiff was entitled to payment of same, in order to manipulate the outcome and/or resolution of the underinsured motorist trial and/or arbitration;

(p)   Continue to fail and/or refuse to pay Plaintiff a reasonable sum in satisfaction of Plaintiffs' claims for first party benefits when Defendant knew or reasonably should have known that Plaintiff's medical conditions were caused by the underinsured motorist as a result of the aforesaid accident;

(q)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and being offered assistance or other information to re-evaluate the claim;

(r)   Neglect to undertake a reasonable re-evaluation of its position after being advised of the law and after notice of and/or receiving the opinion of the arbitrators of Plaintiff's underinsured motorist claim;

(s)   Force the Plaintiff to incur unnecessary expenses in the hiring and/or paying of legal counsel and in incurring other costs and expenses in order to obtain first party benefits to which he is rightfully entitled under the policy of insurance;

(t)   Injure or attempt to injure Plaintiff's right to receive bargained for benefits under the contract of insurance;

(u)   Engage in unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et. seq.*;

(v)   Violate the Unfair Trade Practices and Consumer Protection Law 73 P.S. § 201-1 *et. seq*;

(w)   Represent that goods or services and/or the policy of insurance in question have ingredients, benefits or qualities that they do not have;

56

(x)    Represent that goods or services are of a particular standard, quality or grade when they are of another standard, quality or grade;

(y)    Advertise goods or services with intent not to sell them as advertised;

(z)    Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to, or after the contract for the purchase of goods or services is made;

(aa)    Engage in other fraudulent conduct which creates a likelihood of confusion or misunderstanding;

(bb)    Violate the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et. seq.;

(cc)    Make, publish, issue or circulate estimates, illustrations, circulars, statements, sales presentations and/or omission comparisons which misrepresented the benefits, advantages, conditions or terms of the aforesaid insurance policy;

(dd)    Make, issue, publish, or circulate advertisements, announcements, or statements containing representations, statements with respect to the business of insurance or with respect to any persons and conduct of his insurance business which are untrue, deceptive or misleading;

(ee)    Knowingly permit or offer to make, or make, the aforesaid contract of insurance or agreement as to such contract other than as plainly expressed in the insurance contract issued thereon;

(ff)    Commit or perform the following acts with such frequency as to indicate a business practice constituting unfair claims settlement or compromise practices:

    (1)    Misrepresent pertinent facts or policy or contract provisions relating to coverages at issue and/or relating to Defendant's legal limitations and Plaintiff's legal rights;

(2) Fail to acknowledge and act promptly upon written or oral communications with respect to claims arising under the aforesaid insurance policy;

(3) Fail to adopt and implement reasonable standards for the prompt investigation of claims arising under the aforesaid insurance policy;

(4) Refuse to pay claims without conducting a reasonable investigation based upon all available information;

(5) Refuse to timely pay claims in an attempt to avoid its contractual obligations to the Plaintiff;

(6) Fail to affirm or deny coverage of claims within a reasonable time after proof of loss statements had been completed and after communication to the company or its representative;

(7) Not attempt in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy had become reasonably clear;

(8) Compel the Plaintiffs to institute litigation to recover amounts due under the aforesaid insurance policy by offering substantially less than the amounts due and ultimately recovered in an action brought by the Plaintiffs;

(9) Attempt to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(10) Fail to promptly settle claims where liability has become reasonably clear under one portion of the insurance policy coverage, in order to influence settlements under other portions of the insurance policy coverage or under other policies of insurance;

(11) Fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or

58

applicable law, for denial of a claim or the offer of a compromise settlement;

(gg) Hold Plaintiff's first party benefits claim "hostage" by refusing to pay the claim in order to influence the outcome of Plaintiff's underinsured motorist claim;

(hh) Refuse to pay **CARL ROBERT MCGUCKIN**'s claim for first party medical benefits, and/or refuse to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or medical providers for reasonable and necessary medical care and treatment of his accident related injuries, after being advised through the reports of Plaintiff's medical providers and/or the findings, award, and/or opinion of the arbitrators, that **CARL ROBERT MCGUCKIN** suffers from permanent complex regional pain syndrome Type I/reflex sympathetic dystrophy as a result of the aforesaid motor vehicle accident, as well as other injuries, that his past medical treatment was reasonable and necessary, and that the Plaintiff will require ongoing medical care and treatment of his accident related injuries;

(ii) Refuse and/or fail to pay and/or reimburse **CARL ROBERT MCGUCKIN** and/or his medical providers for certain medical bills for reasonable and necessary medical care and treatment of his accident related injuries which was received and/or undergone prior to any independent medical examination and/or Peer Review;

(jj) Fail and/or refuse to offer a reasonable sum in settlement of Plaintiffs' first party benefits for an unreasonable period after receiving the favorable reports of Plaintiff's medical providers and/or after the receiving the findings, award, and/or opinion of the arbitrators of Plaintiffs' underinsured motorist claim.

(kk) Conduct an inadequate investigation of Plaintiff's first party claim.

(ll) Refuse to pay first party benefits without conducting a reasonable investigation based upon all available information.

(mm) fail to challenge the medical provider's bills within ninety (90) days of the Defendant's receipt of the bill.

59

115.   Solely as a result of the Defendant's breach of contract as aforesaid, the Plaintiff, **GERI MCGUCKIN**, suffered damages, including but not limited to, failure to receive benefits rightfully due and owing under the said insurance policy, unreasonable delay in payment of benefits rightfully due and owing under the said insurance policy, unreasonable delay in receiving a reasonable sum in satisfaction of her claim for first party benefits, loss of a portion of Plaintiffs' recovery from the tortfeasor and/or other monies which Plaintiff was forced to pay to Aetna U.S. Healthcare in payment of Aetna's subrogation lien, incurring of medical bills, deductibles, co-pays, debts, litigation costs and attorney's fees.

**WHEREFORE**, the Plaintiff, **GERI MCGUCKIN**, demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, upon the **EIGHTH COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, statutory interest, punitive damages, costs and attorneys fees.

### NINTH COUNT
### PLAINTIFF, GERI MCGUCKIN v. DEFENDANT, ALLSTATE
### FIRE AND CASUALTY INSURANCE COMPANY

### VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

116.  The Plaintiff, **GERI MCGUCKIN**, hereby incorporates by reference each and every allegation contained in paragraphs 1 through 115 inclusive of the foregoing complaint, as if the same were set forth fully at length herein.

60

117.  At all times relevant herein and material hereto, the Defendant, **ALLSTATE FIRE AND CASUALTY**, represented to the Plaintiff and members of the general public that **ALLSTATE FIRE AND CASUALTY** would provide its insureds with the contracted for goods or services of insurance coverage, including but not limited to underinsured motorist coverage, in a reasonable amount and for the reasonable value of the insureds' claims, up to and including the applicable policy limits and/or stacked limits without engaging in bad faith, unfair methods of competition, unfair or deceptive acts or practices, acts or unreasonable tactics and/or any of the aforesaid enumerated actions of the Defendant, **ALLSTATE FIRE AND CASUALTY**.

118.  The Plaintiff, **GERI MCGUCKIN**, reasonably believed that the Defendant would deal with the Plaintiff and the husband-Plaintiff in a fair manner and in good faith and not engage in unfair methods of competition and/or unfair or deceptive acts or practices.

119.  Under Pennsylvania law, the Plaintiff-wife, **GERI MCGUCKIN**, is entitled to first party benefits from the Defendant for reasonable and necessary medical treatment and care of her said husband's accident related injuries.

120.  The aforementioned actions of the Defendant, **ALLSTATE FIRE AND CASUALTY**, constitute unfair methods of competition and/or unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices and Consumer

·61

Case ID: 140203046

Protection Law, 73 P.S. §201-1, *et seq.* in that the Defendant, acting as aforesaid, intentionally, knowingly, recklessly, and/or negligently and or otherwise did:

<div style="margin-left: 2em">

(a)   Represent that goods or services have ingredients, benefits or quantities that they do not have;

(b)   Represent that goods or services are of a particular standard, quality or grade if they are of another;

(c)   Advertise goods or services with intent not to sell them as advertised;

(d)   Fail to comply with the terms of written guarantees or warranties given to the buyer at, prior to or after the contract for the purchase of goods or services is made;

(e)   Engage in any other fraudulent conduct which create a likelihood of confusion or of misunderstanding;

(f)   Engage in such other unfair methods of competition and/or commit such other unfair or deceptive acts or practices as maybe disclosed through discovery and the course of trial.

</div>

121.  The aforementioned representations and actions by the Defendant were false representations and advertisements when they were made, were false at all times relevant hereto, were known by the Defendant to be false at the time they were made, and were made with the intention of causing the Plaintiff to rely on said falsehoods, and the Plaintiff in fact relied thereon in purchasing the aforesaid policy of insurance, and said representations, advertisement and actions, constitute common law fraud.

122.  The aforesaid actions of the Defendant were done with the intention of avoiding and/or limiting the Defendant's obligations to the Plaintiff under the

<div style="text-align:center">62</div>

terms and conditions of the insurance policy and constitute intentional misfeasance rather than nonfeasance of mere failure to pay benefits.

123. As result of the unfair methods of competition and/or unfair or deceptive acts or practices by Defendant, the Plaintiff, **GERI MCGUCKIN**, suffered damages, including but not limited to, failure to receive benefits rightfully due and owing under the said insurance policy, unreasonable delay in payment of benefits rightfully due and owing under the said insurance policy, unreasonable delay in receiving a reasonable sum in satisfaction of her claim for first party benefits, loss of a portion of Plaintiffs' recovery from the tortfeasor and/or monies which Plaintiff was forced to pay to Aetna U.S. Healthcare in payment of Aetna's subrogation lien, incurring of debts, co-pays, litigation costs and attorneys fees.

124. Plaintiff purchased goods or services, being the policy of insurance, primarily for personal, family or household purposes and thereby suffered an ascertainable loss of money or personal property as a result of the use or employment by Defendant of the aforesaid methods, acts or practices, which methods, acts or practices are declared unlawful by Section 3 of The Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-3.

125. Plaintiff may bring the instant private action to recover actual damages and an award of three times the actual damages sustained and an award of such additional relief as the court may deem necessary or proper, under 73 P.S. §201-9.1, *et seq.*

63

126.   The Defendant, **ALLSTATE FIRE AND CASUALTY,** is liable to the Plaintiff for violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, *et seq.*

127.   The Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1., *et seq.,* Provides for an award of treble damages under the circumstances, which Plaintiff hereby demands.

**WHEREFORE**, Plaintiff, **GERI MCGUCKIN,** demands Judgment against the Defendant, **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,** upon the **NINTH COUNT** as aforesaid in an amount in excess of Fifty Thousand ($50,000.00) Dollars, in compensatory damages, treble damages, statutory interest, punitive damages, costs and attorneys fees.

R. STEVEN SHISLER, ESQUIRE
Attorney for Plaintiffs,
**CARL ROBERT MCGUCKIN and GERI MCGUCKIN**

DATED:      April 2, 2015

64

Case ID: 140203046

## V E R I F I C A T I O N

I, <u>Carl Robert McGuckin</u>, hereby state that I am the Plaintiff in the

foregoing <u>Civil Action Complaint</u> and

that the same are true and correct to the best of my knowledge, information

and belief; and that this statement is made subject to the penalties of 18

Pa.C.S. Sec. 4904 relating to unsworn falsification to authorities.

DATED: <u>April 2, 2015</u>

Case ID: 140203046

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **CIVIL ACTION COMPLAINT** was properly served upon all interested parties listed below via email, first class, postage prepaid on the 2nd day of April 2015.

<div style="text-align:center">

Daniel S. Doyle, Esquire
Brooks, Bradley & Doyle
Attorneys at Law
21 West Second Street
Media, PA 19063

</div>

R. STEVEN SHISLER, ESQUIRE

DATED:    April 2, 2015

Case ID: 140203046